# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THANH TAM VO, | CASE NO. 1:14-cv-00541-GBC |
| Plaintiff, | |
| v. | |
| | (MAGISTRATE JUDGE COHN) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM |
| | Docs. 1, 6, 7, 10, 12, 13, 16 |
| Defendant. | |

## MEMORANDUM

## I.     Procedural Background

On May 3, 2012, Thanh Tam Vo ("Plaintiff") filed as a claimant for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, with a date last insured of December 31, 2015,[1] and claimed a disability onset date of April 12, 2012. (Administrative Transcript (hereinafter, "Tr."), 14).

After the claim was denied at the initial level of administrative review, the

---

[1] Disability insurance benefits are paid to an individual if that individual is disabled and "insured," that is, the individual has worked long enough and paid social security taxes. 42 U.S.C. §§ 415(a) and 416(i)(1). The last date that a claimant meets the requirements of being insured is commonly referred to as the "date last insured." *See* 42 U.S.C. § 416(i)(2); *accord Renfer v. Colvin*, No. 3:14CV611, 2015 WL 2344959, at *1 (M.D. Pa. May 14, 2015).

Administrative Law Judge (ALJ) held a hearing on July 30, 2013. (Tr. 26-65). On August 8, 2013, the ALJ found that Plaintiff was not disabled within the meaning of the Act. (Tr. 11-25). Plaintiff sought review of the unfavorable decision which the Appeals Council denied on January 27, 2014, thereby affirming the decision of the ALJ as the "final decision" of the Commissioner. (Tr. 1-5).

On March 20, 2014, Plaintiff filed the above-captioned action pursuant to 42 U.S.C. § 405(g) and pursuant to 42 U.S.C. § 1383(c)(3), to appeal a decision of the Commissioner of the Social Security Administration denying social security benefits. (Doc. 1). On May 22, 2014, the Commissioner ("Defendant") filed an answer and an administrative transcript of proceedings. (Doc. 6, 7). On August 4, 2014, Plaintiff filed a brief in support of the appeal. (Doc. 10 ("Pl. Brief")). On August 27, 2014, Defendant filed a brief in response. (Doc. 12 ("Def. Brief")). On September 5, 2014, Plaintiff submitted a reply brief. (Doc. 13 ("Pl. Reply")). On November 5, 2014, the Court referred this case to the undersigned Magistrate Judge. Both parties consented to the referral of this case to the undersigned Magistrate Judge, and an order referring the case to the undersigned Magistrate Judge was entered on November 19, 2014. (Doc. 16).

///

///

## II. Relevant Facts in the Record

Plaintiff was born on December 31, 1961, and thus was classified by the regulations as an individual closely approaching advanced age through the date of the ALJ decision rendered on August 8, 2013.  (Tr. 66); 20 C.F.R. § 404.1563(d).  Plaintiff completed the ninth grade in Vietnam and did not complete any further education upon arrival to the United States in 1987.  (Tr. 34).  Plaintiff can speak and read some English, but he needs an interpreter to be understood.  (Tr. 30).  He can read and some English.  (Tr. 33, 50).  Plaintiff's prior work experience includes working as a press feeder, warehouse worker, forklift, operator, industrial truck operator, and machine operator.  (Tr. 55-57).  Plaintiff met earning thresholds for four quarters of coverage in each of his twenty-two years of working from 1988 to 2010.[2]  (Tr. 158, 162-64).

---

[2] After 1977, the Commissioner of the Social Security Administration determines the amount of taxable earnings that will equal a credit for each year which is determined by using a formula in the Social Security Act that reflects a national percentage increase in average wages.  42 U.S.C.A. § 413; 20 C.F.R. § 404.140; 20 C.F.R. § Pt. 404, Subpt. B, App.; "Quarters of coverage," 1 Soc. Sec. Disab. Claims Prac. & Proc. § 8:10 (2nd ed.) (list of earnings needed to earn one quarter of coverage for years from 1975 to 2012); *see also* "Amount of earnings needed to earn one quarter of coverage" https://www.socialsecurity.gov/oact/cola/QC.html#qcseries (last accessed September 14, 2015) (list of required earnings through 2015).

In a claimant's earnings record, a "c" indicates that a claimant has earned enough to qualify for a quarter of coverage and an "n" indicates that the threshold amount was not earned in a given year.  *See* "Understanding an earnings record," 1 Soc. Sec. Disab. Claims Prac. & Proc. § 5:21 (2nd ed.).  For example, in 2000, "cccc" would indicate that a claimant has earned at least $780 each quarter of 2000 and "cccn" would indicate that a claimant earned at least $780 for the first three quarters of 2000.  *See* "Understanding an earnings record," 1 Soc. Sec. Disab. Claims Prac. & Proc. § 5:21 (2nd ed.); "Amount of earnings needed to earn one quarter of coverage"

## A. Relevant Treatment History and Medical Opinions

### 1. Pinnacle Health Family Care: Tuong N. Bui, M.D.

Plaintiff has sought treatment from Dr. Bui from December 2010 to May 2013, seeing him on average every three months. (Tr. 226-57, 357-63, 526-42).

On November 27, 2012, Dr. Bui completed a medical source statement where he indicated that Plaintiff suffered from fatigue, extremity pain and numbness, difficulty thinking, headaches, and sensitivity to light, heat or cold. (Tr. 526). Dr. Bui indicated that Plaintiff's impairments have lasted or could be expected to last at least twelve months, that emotional factors contribute to Plaintiff's symptoms and functional limitations and that Plaintiff's impairments were reasonably consistent with his symptoms and functional limitations. (Tr. 526). Dr. Bui indication that Plaintiff's experience of pain or other symptoms were severe enough to occasionally interfere with his ability to maintain attention and concentration needed to perform even simple work tasks. (Tr. 527). Dr. Bui opined that Plaintiff was capable of performing low stress jobs and could walk two city blocks without rest or severe pain. (Tr. 527). Dr. Bui opined that Plaintiff would need a job that permitted him to shift positions at will from sitting, standing or walking, could sit fifteen minutes at one time before needing to get up, and

https://www.socialsecurity.gov/oact/cola/QC.html#qcseries (last accessed September 14, 2015) (list of required earnings through 2015).

stand thirty minutes at one time before needing to sit or move. (Tr. 527). Dr. Bui opined that Plaintiff could sit less than two hours total in an eight-hour day and stand or walk less than two hours total in an eight-hour day and needs periods of walking around in an eight-hour day every fifteen minutes for at least fifteen minutes at a time. (Tr. 527).

Dr. Bui further indicated that Plaintiff would need to take unscheduled sitting breaks every one to two hours for around ten to fifteen minutes. (Tr. 528). Dr. Bui opined that Plaintiff could occasionally lift up to ten pounds and never lift twenty pounds or more. (Tr. 528). Dr. Bui opined that Plaintiff could occasionally twist, stoop, crouch, climb ladders and climb stairs. (Tr. 528). Dr. Bui opined that Plaintiff had no limitations with handling or fingering. (Tr. 528). Dr. Bui indicated that Plaintiff should avoid all exposure to extreme heat or cold environments and avoid concentrated exposure to wetness, cigarette smoke, fumes, odors, dust, and chemicals. (Tr. 529). Dr. Bui opined that Plaintiff's impairments would cause him to be absent from work approximately four days per month. (Tr. 529).

### III.    Legal Standards and Review of ALJ Decision

To receive disability or supplemental security benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord* 42 U.S.C. § 1382c(a)(3)(A). A claimant for disability benefits must show that he or she has a physical or mental impairment of such a severity that:

> [H]e is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner uses a five-step evaluation process to determine if a person is eligible for disability benefits. 20 C.F.R. § 404.1520; *accord Plummer*, 186 F.3d at 428. If the Commissioner finds that a Plaintiff is disabled or not disabled at any point in the sequence, review does not proceed. 20 C.F.R. § 404.1520(a)(4). The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and (5) whether the claimant's impairment prevents the claimant from doing any other work. 20 C.F.R. §§ 404.1520, 416.920. Before

moving on to step four in this process, the ALJ must also determine Plaintiff's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

The disability determination involves shifting burdens of proof. The claimant bears the burden of proof at steps one through four. *See Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). If the claimant satisfies this burden, then the Commissioner must show at step five that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform. *Id.* The ultimate burden of proving disability within the meaning of the Act lies with the plaintiff. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912(a).

When reviewing the Commissioner's decision denying a claim for disability benefits, the Court must uphold the findings of the Commissioner so long as those findings are supported by substantial evidence. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence is a deferential standard of review. *See Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 564 (1988) (quoting *Consolidated Edison Co. v.*

*N.L.R.B.*, 305 U.S. 197, 229 (1938)).  Substantial evidence requires only 'more than a mere scintilla' of evidence, *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)), and may be less than a preponderance.  *Jones*, 364 F.3d at 503.  If a reasonable mind might accept the relevant evidence as adequate to support a conclusion reached by the Commissioner, then the Commissioner's determination is supported by substantial evidence.  *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999); *Johnson*, 529 F.3d at 200.

## A. Weight Accorded to Treating Physician and RFC

Plaintiff contends that the ALJ improperly rejected the November 27, 2012, opinion of Plaintiff's treating physician, Dr. Bui and thus the RFC is not supported by substantial evidence.  Pl. Brief at 15-17.  The Court agrees with Plaintiff.  The ALJ made the following RFC:

> [Plaintiff] has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) with normal breaks except the claimant can lift/carry only 20 pounds occasionally and 10 pounds frequently with his left, non-dominant upper extremity; must avoid the use of hand/arm levers/cranks with his left, non-dominant upper extremity (except that he has no limitation with merely pressing a button or knob); can only occasionally reach overhead with his left, non-dominant upper extremity; and must avoid contacting his left, non-dominant upper extremity with large vibrating objects or surfaces. Additionally, the claimant cannot crawl or climb ladders,

ropes, scaffolding, or poles; cannot operate a motor vehicle or large piece of equipment at night; must avoid concentrated exposure to extreme cold and direct sunlight; must avoid work around or with hazardous machinery, work in high exposed places, work around large fast moving machinery on the ground, and work around or with sharp objects. [Plaintiff] is further restricted to work that is of the same type as his past work with regard to reading, writing, or speaking in the English language.

(Tr. 18).

Dr. On November 27, 2012, Dr. Bui completed a medical source statement where he opined that Plaintiff would need a job that permitted him to shift positions at will from sitting, standing or walking, could sit fifteen minutes at a time before needing to get up, and stand thirty minutes at a time before needing to sit or move. (Tr. 527). Dr. Bui opined that Plaintiff could sit less than two hours total in an eight-hour day and stand or walk less than two hours total in an eight-hour day and needs periods of walking around in an eight-hour day every fifteen minutes for at least fifteen minutes at a time. (Tr. 527).

Dr. Bui further indicated that Plaintiff would need to take unscheduled sitting breaks every one to two hours for around ten to fifteen minutes. (Tr. 528). Dr. Bui opined that Plaintiff could occasionally lift up to ten pounds and never lift twenty pounds or more. (Tr. 528). Dr. Bui opined that Plaintiff could occasionally twist, stoop, crouch, climb ladders and climb stairs. (Tr. 528). Dr. Bui opined that Plaintiff had no limitations with handling or fingering. (Tr. 528). Dr. Bui opined

that Plaintiff's impairments would cause him to be absent from work approximately four days per month.  (Tr. 529).

With regard to Dr. Bui's opinion, the ALJ stated:

the undersigned gives very little weight to the opinion of Dr. Bui . . . who limited [Plaintiff] to the performance of less than the full range of sedentary work due to diabetes with symptoms including fatigue, sensitivity to light, extremity pain and numbness, difficulty concentrating, and headaches. The opinion is inconsistent with Dr. Bui's own treatment records, demonstrating [Plaintiff's] diabetes has been well-managed with diet and oral medications and reporting the claimant has experienced no increased fatigue, chest pains, headaches, or difficulty concentrating.

(Tr. 16-17) (internal citations omitted).

In this instance, the ALJ gave little weight to the opinion to Dr. Bui, and made a residual functional capacity determination without citing to assessments from a physician to support a finding regarding all of the functional abilities of Plaintiff.  *See Doak v. Heckler*, 790 F.2d 26, 29 (3d Cir. 1986).  Without any medical opinion being credited with regards to all of Plaintiff's limitations, the Court finds that the ALJ impermissibly relied on speculation or lay interpretation of medical evidence to reach the conclusion regarding Plaintiff's residual functional capacity.  *See Morales v. Apfel*, 225 F.3d 310, 317-18 (3d Cir. 2000); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985) (The ALJ may not substitute his own judgment for that of a physician).

As the ALJ erred by not crediting any physician opinion, the Court will remand to the ALJ to address in the first instance.

## B. Remaining issues

Because Plaintiff's case will be remanded for the ALJ's failure to further development and to consider and analyze all relevant medical evidence regarding Plaintiff's impairments, including the omission of Plaintiff's bilateral carpal tunnel syndrome, it is unnecessary to examine Plaintiff's remaining claims. A remand may produce different results on these claims, making discussion of them moot. *See LaSalle v. Comm'r of Soc. Sec.*, No. CIV.A. 10-1096, 2011 WL 1456166, at *7 (W.D. Pa. Apr. 14, 2011).

## IV.    Conclusion

Based on the foregoing, the Court finds that the ALJ's decision lacks substantial evidence. Pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner is vacated, and this case is remanded for further proceedings.

An appropriate Order in accordance with this Memorandum will follow.


Dated: September 15, 2015


                                       __s/Gerald B. Cohn__
                                      GERALD B. COHN
                            UNITED STATES MAGISTRATE JUDGE